IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MELISSA SMITH,

        Plaintiff,

v.                                                    No. 17cv1021 JCH/KRS

MICHAEL HARTLEY and
JAKE VU,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS
## AND DISMISSING COMPLAINT

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed October 10, 2017 ("Complaint"), on her Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed May 10, 2017 ("Application"), and on the Court's Order Denying Motion to Proceed In Forma Pauperis, Doc. 7, filed November 30, 2017. For the reasons stated below, the Court will **STRIKE** the Order Denying Motion to Proceed In Forma Pauperis, **GRANT** Plaintiff's Application to proceed *in forma pauperis* and **DISMISS** Plaintiff's Complaint **without prejudice.** Plaintiff shall have 21 days from entry of this Order to file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case without prejudice.

**Application to Proceed** *in forma pauperis*

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status." *Scherer v. Kansas*, 263 Fed.Appx. 667, 669 (10th Cir. 2008) (citing *Holmes v. Hardy,* 852 F.2d 151, 153 (5th Cir.1988)). "The statute [allowing a litigant to proceed *in forma pauperis* ] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court will strike the Order Denying Motion to Proceed In Forma Pauperis, Doc. 7, which was entered by United States Magistrate Judge Kevin R. Sweazea, because Magistrate Judges have no authority to deny such motions. *See Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1311-1312 (10th Cir. 2005) (magistrate judges have no authority to enter an order denying IFP status because denial of an IFP motion is the functional equivalent of an involuntary dismissal and is outside the scope of a magistrate judge's authority).

The Court will grant Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit declaring that she is unable to pay the costs of these proceedings and provided the following information: (i) her average monthly income during the

past 12 months was $1,800.00;[1] (ii) her monthly expenses are $1,725.00; (iii) she has no cash and no money in bank accounts; and (iv) she owns no assets. The Court finds that Plaintiff is unable to pay the filing fee because her monthly income during the past year exceeded her monthly expenses by only $75.00.

**Dismissal of Proceedings *In Forma Pauperis***

The statute governing proceedings *in forma pauperis* requires federal courts to dismiss an *in forma pauperis* proceeding that "fails to state a claim on which relief may be granted; ... or seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2). "Dismissal of a *pro se* complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). "In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Kay v. Bemis*, 500 F.3d at 1217. The Court looks to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief, i.e. the factual allegations must be enough to raise a right to relief above the speculative level. *See id.* at 1218 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Dismissal of an *in forma pauperis* complaint as frivolous is not an abuse of discretion based on a determination that the *pro se* litigant did not state a viable legal claim and that the complaint consisted of little more than unintelligible ramblings. *Triplett v. Triplett*, 166 Fed.Appx. 338, 339-340 (10th Cir.

---

[1] The Application shows Plaintiff's expected income next month is $2,300.00, but "an application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status." *Scherer v. Kansas*, 263 Fed.Appx. 667, 669 (10th Cir. 2008) (citing *Holmes v. Hardy,* 852 F.2d 151, 153 (5th Cir.1988)).

3

2006). However, "pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings." *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir.1988). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action". Fed. R. Civ. P. 12(h)(3).

Plaintiff alleges that while she "went through all the proper procedures," Defendants did not follow the proper procedure, abused their authority and did not issue a patent to Plaintiff. *See* Complaint at 1-2. Plaintiff seeks "All rights to my invention, all back compensation and my patent being approved." Complaint at 5.

The Court will dismiss Plaintiff's Complaint for lack of jurisdiction and for failure to state a claim. Plaintiff's Complaint does not contain "a short and plain statement of the grounds for the court's jurisdiction" as required by Rule 8(a)(1) of the Federal Rules of Civil Procedure. In addition, Plaintiff filed her Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" and checked the box indicating that Defendants were acting under color of state law. However, there are no factual allegations showing that Defendants are state actors.

Plaintiff shall have 21 days from entry of this Order to file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case without prejudice.

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). Rule 4 provides that:

> At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Fed. R. Civ. P. 4(c)(3).

The Court will not order service of Summons and Complaint on Defendants at this time. The Court will order service if Plaintiff timely files an amended complaint which shows this Court has jurisdiction, states a claim, and includes the addresses of every defendant named in the amended complaint.

**Plaintiff's Letter to Magistrate Judge Sweazea**

Plaintiff sent a letter to Magistrate Judge Sweazea asking him to dismiss her case. *See* Doc. 10, filed December 7, 2017. She cites several factors contributing to her decision to request dismissal of this case, including "financial hardship." It appears that Plaintiff sent the letter after Magistrate Judge Sweazea denied her Application to proceed in this Court without prepaying fees and costs. The Court has now granted Plaintiff's Application to proceed in this Court without prepaying fees and costs. The Court will not dismiss this case at this time. The Court will dismiss this case if Plaintiff does not file an amended complaint within 21 days of entry of this order.

**IT IS ORDERED** that:

(i) the Court's Order Denying Motion to Proceed In Forma Pauperis, Doc. 7, filed

November 30, 2017, is **STRICKEN;**

(ii) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed October 10, 2017, is **GRANTED;** and

(iii) Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed October 10, 2017, is **DISMISSED without prejudice.** Plaintiff may file an amended complaint within 21 days of entry of this Order.

*[signature]*
**UNITED STATES DISTRICT JUDGE**